No. 1955
Second Circuit Appeal

## N. MUROV v. MARKS MEYER

(March 17, 1925, Opinion and Decree)

*(Syllabus by the Editor)*

1. **Louisiana Digest—Chattel Mortgages— Par. 4, 5.**

A chattel mortgage executed three days prior to the removal of the furniture into the leased premises, but not recorded until a day after this removal will be primed by the lessor's lien because, under Section 2 of Act 198 of 1918, chattel mortgages have effect against third persons from the date they are recorded in the parish where the property shall then be situated and also in the parish in which the mortgagor is a resident.

Appeal from the City Court of Shreveport. Hon. C. V. Prothro, judge ad hoc.

This is a suit by the owner of a chattel mortgage on furniture, against the landlord who had seized and sold the furniture for the rent, to compel him to pay the balance due by the former tenant for the furniture.

There was judgment for defendant and plaintiff appealed.

Judgment affirmed.

Abe Freyer and Edward Barnette, of Shreveport, attorneys for plaintiff, appellant.

Cook & Cook, of Shreveport, attorneys for defendant, appellee.

ODOM, J.  Plaintiff sues the defendant for the sum $119.50 and interest from June 13, 1921, until paid, and 10% attorney's fees, and sets up as a cause of action that

he sold and delivered to one Ike Thomas a bill of goods and merchandise on which he owed a balance of the above amount.

He alleges that he had a vendor's privilege and a chattel mortgage on the goods sold to secure the payment of the balance due thereon, and that Marks Meyer, the defendant, by means of "frontier process" took possession of the said goods and "has thus frustrated" plaintiff in the exercise of his rights as vendor and holder of the chattel mortgage, and that defendant "fails and refuses to cause the production of such goods, wares and merchandise in order that they may be subjected to your petitioner's claims".

And he prays for judgment against the defendant in the sum of $118.50 and interest and attorneys' fees, and asks that defendant be afforded the privilege of satisfying the judgment against him by delivering to the plaintiff the goods and merchandise taken by him in order that same may be sold under the orders of the court to satisfy petitioner's claim against Ike Thomas.

Defendant tendered an exception of no cause of action, which was overruled by the court; and with reservation of his rights under this exception he answered denying all the allegations of the petition

The case was tried on the merits and there was judgment rejecting the plaintiff's demands at his cost, from which judgment he appeals.

## OPINION.

Counsel for appellant say in brief tha there are only two points involved in the case, the first being the question of the respective rank of the chattel mortgage of the plaintiff and the defendant's lessor's privilege; and the second, the validity of the chattel mortgage itself.

Assuming that this is true, the case is easily disposed of.

We will assume, without so holding, that the chattel mortgage involved was properly executed by the debtor Ike Thomas before a Notary and two witnesses as the law required. We find that chattel mortgage is dated June 13, 1921, the day on which plaintiff sold the furniture to the said Ike Thomas. The furniture was moved by said Ike Thomas, the debtor, into defendant's house on June 16, 1921, three days after the execution of the chattel mortgage.

Under the authority of the case of Youree vs. Limerick, 157 La. 39, 101 South. 864, counsel say that plaintiff's privilege under this chattel mortgage primes the lessor's privilege by virtue of the fact that the chattel mortgage was executed three days prior to the date on which defendant's lessor's privilege arose; the mortgaged furniture not having been moved into defendant's home until June 16, 1921.

This would undoubtedly be true if plaintiff's chattel mortgage had been filed and recorded prior to the date on which the furniture went into defendant's house. But according to the certificate of the deputy recorded the chattel mortgage was filed and recorded on June 17, 1921—the day after the furniture was carried into the leased premises.

The chattel mortgage law, page 372 of Act 198 of 1918, provides in section 2:

"In order to affect third persons without notice, said instrument must be passed by Notarial act and the original or a certified copy thereof shall be recorded in the office of the Recorder of Mortgages in the parish where the property shall then be situated, and also in the parish in which the mortgagor is a resident".

And further provides, in section 4:

"That every mortgage shall be a lien on the property mortgaged from the time the same is filed for recordation, which filing be notice to all parties of the existence of the mortgage, and said lien shall be su-

perior in rank to any privilege or lien arising subsequently thereto".

Plaintiff's chattel mortgage was filed and recorded on June 17, 1921. It did not affect third persons and in fact was not a lien on the property until that date, according to the plain language of the statute.

. The chattels were moved into defendant's premises on June 16, 1921, and on that date the lessor's privilege took effect, and according to the Youree case, cited supra, that is true whether there was any part of the rent due or not.

Ike Thomas, the owner of the furniture, had leased the premises from defendant and moved the furniture therein on June 16, 1921. On that date there was no lien on the property, because the chattel mortgage had not been filed and recorded. The lessor's lien attached at the beginning of the tenancy to secure whatever rent might become due.

Ike Thomas defaulted on his rent until he was due $80.00. The lessor, defendant in this case, had the furniture seized and sold as we understand it to satisfy this rent claim.

Plaintiff grounds his action upon the proposition that his lien and privilege upon this personal property was superior to that of defendant and that inasmuch as defendant had caused said property to be subjected to his lessor's privilege he should pay plaintiff the balance of his debt.

We think plaintiff has failed to make out his case.

We are not passing on the exception of no cause of action filed by defendant, as we think the case is with the defendant on the merits.

. For the reasons assigned, it is ordered, adjudged and decreed that the judgment appealed from be affirmed; the plaintiff to pay the costs of both courts.